1 | ERSKINE & TULLEY
  | A PROFESSIONAL CORPORATION
2 | MICHAEL J. CARROLL (St. Bar #50246)
  | 220 Montgomery Street, Suite 303
3 | San Francisco, CA 94104
  | Telephone: (415) 392-5431
4 |
5 | Attorneys for Plaintiffs



6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10
11



12 | BOARD OF TRUSTEES OF THE PRINTING   ) NO.
   | SPECIALTIES AND PAPER PRODUCTS JOINT)
13 | EMPLOYER AND UNION HEALTH AND       )
   | WELFARE FUND,                       )
14 |                                     )
   |                Plaintiff,           )
15 |                                     )
   |       vs.                           )
16 |                                     )  COMPLAINT
   | CLOISTER PRESS, a California        )
17 | corporation,                        )
   |                                     )
18 |                                     )
   |                Defendant.           )
19 | _____)

20       Plaintiffs complain of defendant and for a cause of action
21  allege that:
22       1.  Jurisdiction of this Court is founded upon Section
23  301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.
24  §185(a)] and Section 502 of the Employee Retirement Income Security
25  Act of 1974, said Act being hereinafter referred to as "ERISA" (29
26  U.S.C. §1132), in that defendant has violated a collective bargaining
27  agreement and certain Trust Agreements, thereby violating the
28  provisions of ERISA and the provisions of the National Labor Relations

COMPLAINT                                                         -1-

1. Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant make available for examination by plaintiffs its past payroll books and records and pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND (hereinafter "TRUST FUNDS"), named in the caption, are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Said TRUST FUNDS are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, CLOISTER PRESS, resides and does business in San Francisco, California. Performance of the obligations set forth therein is in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Graphic Communications Union District Council No. 2, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUNDS, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant

1  shall be bound to and abide by all the provisions of the respective
2  Trust Agreement and Declaration of Trust of said TRUST FUNDS
3  (hereinafter the "Trust Agreements").
4              6.   The TRUST FUNDS rely upon voluntary monthly reporting
5  by employers. Plaintiffs deem it necessary and advisable to examine
6  employer's payroll books and records from time to time to determine
7  whether or not employers have accurately reported and paid all
8  contributions due on behalf of all employees covered by the collective
9  bargaining agreements.
10             7.   The Trust Agreement provides, that the Trustees or
11 their authorized representatives may examine any books and records of
12 each Employer which the Employer is required to furnish to the
13 Trustees on demand wherever such examination is deemed necessary or
14 desirable by the Trustees in the proper administration of the Trust.
15             8.   Plaintiffs have requested defendant to make all of its
16 payroll books and records of all defendant's employees available to
17 plaintiffs in order to permit plaintiffs to examine said payroll books
18 and records for the period from January 1, 2001 through December 31,
19 2005. Defendant has breached the aforesaid Trust Agreement and
20 collective bargaining agreements in that it has refused and continues
21 to refuse to permit plaintiffs to examine all of said payroll books
22 and records for said period. It is necessary for plaintiffs to
23 examine all of defendant's payroll books and records covering all
24 defendant's employees to determine the exact amounts owing by
25 defendant to the TRUST FUNDS. Said amounts owed the TRUST FUNDS are
26 upon a mutual, open and current account where there have been
27 reciprocal demands between the parties.
28             9.   An actual controversy exists between plaintiffs and

COMPLAINT                                                          -3-

1  defendant in that plaintiffs contend that they are entitled to examine
2  all the payroll books and records of defendant for the purpose of
3  determining the amounts owed by defendant to the TRUST FUNDS, and
4  defendant refuses to permit plaintiffs to conduct such examination and
5  contends that plaintiffs are not entitled to conduct a complete
6  examination of all of defendant's payroll books and records.
7       10. The Trust Agreement provides that, in the event suit is
8  instituted to enforce the terms of the agreement and payments due
9  thereunder, the defendant shall pay court costs and a reasonable
10 attorneys' fee.  It has been necessary for plaintiffs to employ
11 ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to
12 prosecute the within action, and a reasonable attorneys' fee should
13 be allowed by the Court on account of the employment by plaintiffs of
14 said attorneys.
15      WHEREFORE, plaintiffs pray:
16      1.  The Court require enforcement of the aforesaid
17 agreements by ordering defendant to permit plaintiffs to examine all
18 of the past payroll books and records of defendant for the purpose of
19 ascertaining the amounts owed by said defendant to the TRUST FUNDS for
20 the period January 1, 2001 to December 31, 2005, and that defendant
21 make all of its past payroll books and records available to plaintiffs
22 for the purpose of making such examination;
23      2.  That the Court render a judgment on behalf of plaintiffs
24 for all contributions due and owing to the date of judgment, plus
25 liquidated damages provided for by the contract, interest at the legal
26 rate, reasonable attorneys' fees incurred in prosecuting this action
27 and costs.
28      3.  That the Court enjoin the defendant from violating the

COMPLAINT                                                        -4-

1 | terms of the collective bargaining agreement and the Trust Agreements
2 | for the full period for which defendant is contractually bound to file
3 | reports and pay contributions to the TRUST FUNDS.
4 |         4.  That the Court retain jurisdiction of this cause pending
5 | compliance with its orders.
6 |         5.  For such other and further relief as the Court deems
7 | just and proper.
8 |         Dated:    September 25, 2007
9 |                                 ERSKINE & TULLEY
10 |
11 |                                 By: _____
12 |                                     Michael J. Carroll
                                        Attorneys for Plaintiffs

COMPLAINT                                                            -5-