ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL - STATE BAR #50246
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone: (415) 392-5431
Facsimile: (415) 392-1978

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES, etc., <br><br> Plaintiff, <br><br> vs. <br><br> CLOISTER PRESS, etc., <br><br> Defendant. | Case No. C 07 5032 EDL <br><br> DECLARATION OF MICHAEL HERMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |

I, MICHAEL HERMAN, declare:

1. I am a Vice President at Northwest Administrators, administrators of the Printing Specialties & Paper Products Joint Employer and Union Health and Welfare Fund. My office is at 2323 Eastlake Avenue East, Seattle, WA 98102. In my capacity I am custodian of and am familiar with the collective bargaining agreements, books and records of the Trust Fund as they relate to the defendant in this case. If called as a witness, I could competently testify to the following facts from my own personal knowledge.

2. Defendant is bound by the terms and conditions of the May 1, 2000 through April 30, 2004 collective bargaining agreement. This agreement has remained in full force and effect. The pertinent portion of this agreement is attached hereto as Exhibit 1.

2. Defendant has not denied being bound by this agreement inasmuch as he has reported and paid contributions since the effective date of the contract. Defendant has breached the agreement by refusing

DECL OF MICHAEL HERMAN IN SUPPORT OF MOT. FOR DEFAULT JUDGMENT    1

access to the Trust Fund's accountant for the purpose of reviewing its books and records for an audit.

3. The collective bargaining agreement, Exhibit 1, at Section 35.1 binds defendant to the terms of the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund.

4. Attached as Exhibit 2 is a copy of the Trust Agreement and Amendment No. 2 of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund which provides for attorneys fees and court costs in the event of suit. These provisions comply with 29 U.S.C. §1132(g).

5. The Trust Agreement, Exhibit 2, at Article IX, Section 4, pages 24-25 states:

"Audit of Employer Books and Records
The Trustees shall have the authority, at the expense of the Trust Fund, to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program, or an ad hoc program.
Whenever a payroll is authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified.
In the event the payroll audit discloses that the participating employer has not paid contributions as required by the underlying collective bargaining agreement, or special agreement the employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2008 at Seattle, Washington.

      /s/ Michael Herman
      Michael Herman

DECL OF MICHAEL HERMAN IN SUPPORT OF MOT. FOR DEFAULT JUDGMENT    2