AMENDMENT NO. 2
TO THE AGREEMENT AND DECLARATION OF TRUST
OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS
JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND
(as revised and restated September 1, 1985
and further amended November 5, 1987)


This is to certify that the Board of Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund at a meeting on September 19, 2000, did adopt the following amendments to Article IX, Contributions and Collections, Section 5, Liquidated Damages and Interest, and Section 6, Attorney Fees and Court Costs, to incorporate the Fund's new policy on liquidated damages. This Amendment is effective September 15, 2000.

1. Article IX, "Contributions and Collections", Section 5, "Liquidated Damages and Interest", is revised to read as follows:

"It is recognized and acknowledged by all parties, including the participating employers, that the prompt and accurate payment of contributions is essential to the maintenance of an employee benefit trust fund and the benefit plans and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of a participating employer to pay the required contributions within the time provided. Therefore, if any participating employer shall be delinquent in the payment of contributions such employer shall be liable, in addition, for liquidated damages of 1-1/2% of the principal if late 1-30 days; 3% of the principal if late 31-60 days; and 1-1/2% will accrue for each additional 30 days contributions are late, up to a maximum of 18% per annum. In addition, the delinquent contributions shall bear interest during any calendar year at the interest rate for tax underpayments adopted by the Internal Revenue Service as of January 1 of that calendar year. The Trustees shall have the authority, however, to waive all or part of the liquidated damages or interest for good cause shown."

2. Article IX, "Contributions and Collections", Section 6, "Attorney Fees and Court Costs", is revised to read as follows:

"6. Attorney Fees, Court Costs, Other Liquidated Damages

Further, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. In addition, if the legal action results in a court judgment, the above-referenced liquidated damages shall be increased to a maximum of twenty percent (20%) per annum. The Trustees shall have the authority, however, to waive all or part of the attorney fees or collection costs for good cause shown."

Executed this 17th day of OCTOBER, 2000.

_____    _____
Chairman                      Secretary

# PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND

# TRUST AGREEMENT

As Revised and Restated September 1, 1985
and further amended November 5, 1987



EXHIBIT-3

TABLE OF CONTENTS

| | Page |
|---|---|
| PREAMBLE | 1 |
| ARTICLE I   DECLARATION OF TRUST | 2 |
| ARTICLE II  DEFINITIONS | 2 |
| ARTICLE III THE TRUSTEES | 4 |
| 1. THE BOARD OF TRUSTEES | 4 |
| 2. STATUTORY CAPACITIES OF TRUSTEES | 4 |
| 3. AGENTS FOR SERVICE OF PROCESS | 4 |
| 4. NUMBER OF TRUSTEES | 4 |
| 5. IDENTITY OF PRESENT TRUSTEES | 5 |
| 6. APPOINTMENT OF SUCCESSOR EMPLOYER TRUSTEES | 5 |
| 7. APPOINTMENT OF SUCCESSOR LABOR ORGANIZATION TRUSTEES | 6 |
| 8. INDIVIDUALS DISQUALIFIED FROM SERVING AS TRUSTEES | 6 |
| 9. ACCEPTANCE OF APPOINTMENT BY TRUSTEES | 6 |
| 10. TERM OF APPOINTMENT | 6 |
| 11. TERMINATION OF APPOINTMENT BY WRITTEN NOTICE | 6 |
| 12. TERMINATION OF APPOINTMENT FOR FAILURE TO ATTEND MEETINGS | 6 |
| 13. TERMINATION OF APPOINTMENT FOR CONVICTION OF A CRIME | 6 |
| 14. TERMINATION OF APPOINTMENT FOR MENTAL INCAPACITY | 6 |
| 15. RESIGNATION OF APPOINTMENT | 7 |
| 16. VACANCIES | 7 |
| 17. RETURN OF BOOKS AND RECORDS | 7 |
| ARTICLE IV TRUST FUND ADMINISTRATION | 7 |
| 1. MANNER OF VOTING | 7 |
| 2. CONSTITUTION OF A QUORUM | 7 |
| 3. MOTIONS | 7 |
| 4. PROHIBITION OF PROXIES | 7 |
| 5. REGULAR MEETINGS | 8 |
| 6. SPECIAL MEETINGS | 8 |
| 7. ACTION WITHOUT A FORMAL MEETING | 8 |
| 8. ARBITRATION OF DEADLOCKED ISSUES | 8 |
| 9. ELECTION OF CHAIRMAN AND SECRETARY | 9 |
| 10. DUTIES OF CHAIRMAN AND SECRETARY | 9 |
| 11. AUTHORIZED SIGNATURES | 9 |
| 12. COMPENSATION AND EXPENSES | 10 |
| 13. BENEFITS TO TRUSTEES NOT PROHIBITED | 10 |

ADMINISTRATIVE OFFICE
c/o Beech Street, Inc.
2 Ada Suite 200
Irvine, California 92718
800-432-3122
714-727-9300

i

TABLE OF CONTENTS

| | Page |
|---|---|
| ARTICLE V  PARTICIPATION | 10 |
| 1. BARGAINING UNITS ENTITLED TO PARTICIPATE | 10 |
| 2. STAFF EMPLOYEES OF PARTICIPATING LABOR ORGANIZATIONS | 11 |
| 3. STAFF EMPLOYEES OF PARTICIPATING EMPLOYER ASSOCIATIONS | 11 |
| 4. NON-BARGAINING UNIT EMPLOYEES OF PARTICIPATING EMPLOYERS | 11 |
| 5. RETIRED EMPLOYEES PERFORMING CONSULTING SERVICES | 11 |
| 6. TRUST FUND EMPLOYEES | 12 |
| 7. UNAUTHORIZED PARTICIPATION | 12 |
| ARTICLE VI  TRUSTEE RESPONSIBILITIES | 12 |
| 1. GENERAL DUTY—RECEIPT OF CONTRIBUTIONS AND CREATION AND ADMINISTRATION OF BENEFIT PLANS | 12 |
| 2. COMPLIANCE WITH THE INTERNAL REVENUE CODE | 12 |
| 3. BASIS OF PAYMENTS TO AND FROM TRUST FUND | 13 |
| 4. APPLICATION OF TRUST FUND ASSETS | 13 |
| 5. FIDUCIARY STANDARDS | 13 |
| 6. DEPOSITS | 13 |
| 7. INVESTMENTS | 13 |
| 8. SPECIFICALLY PERMITTED INVESTMENTS | 14 |
| 9. TITLE TO INVESTMENTS AND OTHER ASSETS | 14 |
| 10. FIDELITY BOND | 14 |
| 11. RECORDS | 15 |
| 12. ANNUAL AUDIT | 15 |
| 13. SUMMARY PLAN DESCRIPTION | 15 |
| 14. ANNUAL REPORT | 15 |
| 15. DOCUMENTS TO BE EXAMINED OR FURNISHED | 15 |
| 16. PROCEDURE FOR ESTABLISHING FUNDING POLICY | 16 |
| 17. PROCEDURE FOR REVIEW OF DENIED BENEFIT CLAIMS | 16 |
| ARTICLE VII  ALLOCATION OR DELEGATION OF TRUSTEE RESPONSIBILITIES | 16 |
| 1. ALLOCATION OF RESPONSIBILITIES TO COMMITTEE | 16 |

TABLE OF CONTENTS

| | Page |
|---|---|
| 2. DELEGATION OF INVESTMENT RESPONSIBILITIES | 17 |
| 3. DELEGATION OF OTHER RESPONSIBILITIES | 17 |
| 4. REVIEW OF PERFORMANCE | 18 |
| ARTICLE VIII  TRUSTEE POWERS | 18 |
| 1. GENERAL POWERS | 18 |
| 2. SPECIFIC POWERS DISCRETIONARY | 18 |
| 3. CREATION AND ADMINISTRATION OF BENEFIT PLANS | 18 |
| 4. DESIGN OF THE BENEFIT PLANS | 19 |
| 5. MEANS OF PROVIDING BENEFITS | 19 |
| 6. FACILITY OF PAYMENT | 19 |
| 7. SELF-PAYMENTS OF EMPLOYEES | 19 |
| 8. ADMINISTRATIVE AGENT | 19 |
| 9. BANKING SERVICES | 20 |
| 10. OTHER PROFESSIONAL AND NON-PROFESSIONAL HELP | 20 |
| 11. OBTAINING OF NECESSARY PREMISES, EQUIPMENT, AND SUPPLIES | 20 |
| 12. INSURANCE | 20 |
| 13. BORROWING MONEY | 21 |
| 14. RESERVE FUNDS | 21 |
| 15. PAYMENT OF TAXES | 21 |
| 16. REFUNDS OF CONTRIBUTIONS ERRONEOUSLY PAID | 21 |
| 17. PROSECUTION OF LEGAL ACTIONS OR CLAIMS | 21 |
| 18. DEFENSE OF LEGAL ACTIONS OR CLAIMS | 21 |
| 19. COMPROMISE OF LEGAL ACTIONS OR CLAIMS | 22 |
| 20. PENALTIES FOR FALSE OR WITHHELD INFORMATION | 22 |
| 21. CORRECTION OF ERRORS | 22 |
| 22. SUBSCRIPTION AGREEMENTS | 22 |
| 23. PARTICIPATION IN CERTAIN NON-PROFIT ORGANIZATIONS | 22 |
| 24. PARTICIPATION IN NON-PROFIT EDUCATIONAL ORGANIZATIONS | 23 |
| 25. RECIPROCITY | 23 |
| 26. COORDINATED ADMINISTRATION | 23 |
| 27. MERGERS | 23 |
| 28. INTERPRETATION AND APPLICATION OF DOCUMENTS | 24 |

TABLE OF CONTENTS

| | Page |
|---|---|
| ARTICLE IX CONTRIBUTIONS AND COLLECTIONS | 24 |
| 1. EMPLOYER CONTRIBUTION REPORTING FORMS | 24 |
| 2. CONTRIBUTION DUE DATE | 24 |
| 3. DELINQUENT CONTRIBUTIONS | 24 |
| 4. AUDIT OF EMPLOYER BOOKS AND RECORDS | 24 |
| 5. LIQUIDATED DAMAGES AND INTEREST | 25 |
| 6. ATTORNEY FEES AND COURT COSTS | 25 |
| 7. VENUE OF COLLECTION ACTIONS | 26 |
| 8. PROTECTION OF EMPLOYEE GROUP IN CASES OF DELINQUENCY | 26 |
| 9. COORDINATION WITH PROVISIONS IN COLLECTIVE BARGAINING AGREEMENTS | 26 |
| ARTICLE X HEARING AND ARBITRATION PROCEDURES | 26 |
| 1. PROCEDURES TO BE FOLLOWED | 26 |
| 2. HEARINGS BEFORE BOARD OF TRUSTEES | 26 |
| 3. APPEAL TO ARBITRATION | 27 |
| ARTICLE XI LIMITATIONS | 27 |
| 1. LIABILITIES AND DEBTS OF TRUST FUND | 27 |
| 2. LIABILITIES AND DEBTS OF PARTICIPATING PARTIES | 27 |
| 3. PERSONAL LIABILITIES OF TRUSTEES | 28 |
| 4. JUDGMENTS AGAINST TRUST FUND | 28 |
| 5. PARTICIPATING PARTIES' RIGHTS | 28 |
| 6. CESSATION OF PARTICIPATION | 28 |
| 7. PROTECTION OF TRUST FUND, CONTRIBUTIONS, AND BENEFITS | 28 |
| 8. RELIANCE UPON WRITTEN DOCUMENTS | 29 |
| 9. AGENTS OF TRUST FUND | 29 |
| ARTICLE XII MISCELLANEOUS | 29 |
| 1. TRUST FUND OFFICES | 29 |
| 2. APPLICABLE LAW AND REGULATIONS | 29 |
| 3. SERVICE IN MORE THAN ONE FIDUCIARY CAPACITY | 30 |
| 4. NOTICES | 30 |
| 5. SEVERABILITY | 30 |
| 6. TITLES AND WORDS | 30 |
| 7. INFORMATION TO BE FURNISHED AND DISTRIBUTED | 30 |

TABLE OF CONTENTS

| | Page |
|---|---|
| ARTICLE XIII AMENDMENTS AND TERMINATION | 31 |
| 1. AMENDMENTS | 31 |
| 2. TERMINATION | 31 |
| 3. ALLOCATION UPON TERMINATION | 31 |
| SIGNATORY PARTIES | 32 |
| ACCEPTANCE BY TRUSTEES | 34 |

# PREAMBLE

Whereas, the undersigned employers and labor organizations (or their predecessors in interest) did previously, on October 24, 1952, execute an Agreement and Declaration of Trust creating the:

## PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND, and

Whereas, said Agreement and Declaration of Trust was subsequently amended on several occasions, including amendments required by the Employee Retirement Income Security Act of 1974, and

Whereas, the undersigned employers and labor organizations have now determined to further revise and restate said Agreement and Declaration of Trust, effective September 1, 1985, to take into account contemporary needs and conditions and, additionally, to provide that the Board of Trustees will be vested with the powers and authorities formerly executed by the undersigned employers and labor organizations so that, henceforth, there will not be a need for signatory parties,

NOW THEREFORE, the undersigned employers and labor organizations do hereby revise and restate the existing Agreement and Declaration of Trust, effective September 1, 1985, in the form of a new "Trust Agreement" as set forth hereafter and, further, they do each hereby resign their powers and authorities as signatory parties effective immediately following the dates on which they have executed this "Trust Agreement":

1

# ARTICLE I
## Declaration of Trust

### 1. Name

The signatory parties hereby reaffirm the declaration and establishment of a Trust Fund known as

Printing Specialties and
Paper Products Joint Employer
and Union Health and
Welfare Fund

The Trustees may hold property, enter into contracts, and in all matters act in behalf of the Trust Fund in such name. The Trust Fund may sue or be sued in such name.

### 2. Purpose

The purpose of the Trust Fund is to provide an entity to which contributions from participating employers and contributions from participating employees (if any) can be paid and through which the Trustees can create and administer one or more employee welfare benefit plans for the participating employees on whose behalf the contributions have been paid, and their beneficiaries.

### 3. Duration of Trust Fund

The Trust Fund shall continue in existence on an indefinite basis, contemporaneously with the term of this Trust Agreement.

### 4. Term of Trust Agreement

This revised and restated Trust Agreement shall be effective as of September 1, 1985, and shall continue indefinitely until such time as it may be terminated in accordance with the provisions of Article XIII hereof.

# ARTICLE II
## Definitions

The following definitions shall govern in this Trust Agreement:

1. *"Beneficiary"* — any dependent of a participating employee, who is entitled to benefits, as defined in a benefit plan; also any person designated by a participating employee or dependent, or by the terms of a benefit plan, to receive benefits upon the death of such participating employee or dependent.

2. *"Benefit plan"* or *"employee welfare benefit plan"* — any lawful employee welfare benefit plan created and administered by the Trustees.

3. *"Collective bargaining agreement"* — a written agreement between a participating employer and a participating labor organization and any supplement, amendment, continuation or renewal thereof, by the terms of which the employer is obligated to make contributions to the Trust Fund.

4. *"Contributions"* — the payments required of a participating employer, or of participating employees, pursuant to the terms of a collective bargaining agreement, or special agreement, for the purpose of providing employee welfare benefits to the employees covered by said agreements and their beneficiaries; also the self-payments made by participating employees pursuant to any self-payment rules adopted by the Trustees.

5. *"Participating employee"* — any individual employed by a participating employer who is covered by a collective bargaining agreement, or special agreement, and for whom the employer makes contributions to the Trust Fund, and any individual who may have been so employed but is subsequently laid off, terminated, or retired.

6. *"Participating employer"* — any sole proprietorship, partnership, unincorporated association, corporation, or joint venture; or the United States of America; or any state, county, or municipality; or any other public agency, public corporation, or governmental unit that is party to a collective bargaining agreement and that satisfies the requirements of Article V hereof.

7. *"Participating employer association"* — any employer association that is party to a collective bargaining agreement and that satisfies the requirement of Article V hereof.

8. *"Participating labor organization"* — the labor organizations named in Article V hereof and any other lawful labor organizations that represent employees in collective bargaining with employers and that satisfy the requirements of Article V hereof.

9. *"Related trust fund"* — an employee benefit trust fund, other than this Trust Fund, to which participating employers make contributions as required by collective bargaining agreements with participating labor organizations.

10. *"Signatory parties"* — the parties who have created this Trust Agreement and whose signatures appear on the last page hereof.

11. *"Special agreement"* — a written agreement between the participating employer and the Trustees, and any supplement, amendment, continuation or renewal thereof, that obligates the employer to make contributions to the Trust Fund for the purpose of providing employee welfare benefits to the employees covered by said agreement, and their beneficiaries.

12. *"Subscription agreement"* — a written agreement by which a participating employer acknowledges its obligation to make con-

2

3

In the event that another employee welfare benefit trust fund is to be merged into the Trust Fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to accept a transfer of the remaining monies, assets, and liabilities from the other trust fund.

In the event the Trust Fund is to be merged into another employee welfare benefit trust fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to terminate the Trust Fund and to transfer the remaining monies, assets, and liabilities to the other trust fund.

28. Interpretation and Application of Documents

The Trustees shall have the authority to interpret and apply the provisions of this Trust Agreement, or of the benefit plans, or of their own motions, resolutions, and administrative rules and regulations, or of any contracts, instruments, or writings that they may have adopted or entered into.

# ARTICLE IX
## Contributions and Collections

1. Employer Contribution Reporting Forms

The Trustees shall create and make available, at the expense of the Trust Fund, contribution reporting forms provided by the administrator for use by participating employers in making their contributions.

2. Contribution Due Date

The due date for the receipt of employer contributions is the 15th of the month following the month in which the contributions are earned. Employers payments not postmarked by the 15th of the month are delinquent.

3. Delinquent Contributions

A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date, or (b) fails to submit contributions on behalf of all the employees for whom contributions are required by the underlying collective bargaining agreement, or special agreement, or (c) fails to compute properly the contributions according to the required contribution formula specified by the underlying collective bargaining agreement, or special agreement.

The Trustees shall undertake reasonable efforts, at the expense of the Trust Fund, to collect known delinquent contributions and related claims.

4. Audit of Employer Books and Records

The Trustees shall have the authority, at the expense of the Trust Fund, to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program, or an ad hoc program.

Whenever a payroll audit is to be authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified.

In the event the payroll audit discloses that the participating employer has not paid contributions as required by the underlying collective bargaining agreement, or special agreement the employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

5. Liquidated Damages and Interest

It is recognized and acknowledged by all parties, including the participating employers, that the regular and prompt filing of accurate employer reports, and the regular and prompt payment of correct employer contributions is essential to the proper management of an employee benefit trust fund and the benefit plans and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of a participating employer to make such accurate reports and to pay such accurate monthly contributions within the time specified above. Therefore, if any participating employer shall be delinquent in the filing of accurate reports or payment of accurate contributions within the time specified such employer shall be liable, in addition, for liquidated damages of ten percent (10%) of the amount of the contributions which are owed or ten dollars ($10.00), whichever is greater for any one delinquency. In addition, the delinquent contributions shall bear interest during any calendar year at the interest rate for tax underpayments adopted by the Internal Revenue Service as of January 1 of that calendar year. The Trustees shall have the authority however, to waive all or part of the liquidated damages or interest charged for good cause shown.

6. Attorney Fees and Court Costs

Further, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees (with a minimum of $25.00) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. The Trustees shall have the author-

24

25

ity, however, to waive all or part of the attorney fees or collection costs for good cause shown.

### 7. Venue of Collection Actions

In the event a collection suit is initiated, venue of such suit may be laid in a court of competent jurisdiction (federal or state) in the county, district, or borough in which the Trust Fund has an office, at the option of the Trustees.

### 8. Protection of Employee Group in Cases of Delinquency

To protect participating employees and beneficiaries in situations where participating employees may be denied eligibility credits or benefits because their employer is delinquent in the payment of contributions, the Trustees shall have the authority to extend eligibility credits to such employees or to direct the payment of benefits to them, or to their beneficiaries, in whole or in part, as they may determine.

The extension of eligibility credits or the payment of benefits shall not, however, release the delinquent employer from the responsibility for payment of the contributions owed.

### 9. Coordination with Provisions in Collective Bargaining Agreements

The Trustees shall not be obligated to pursue the collection of delinquent accounts through the grievance-arbitration procedures (if any) provided for in the underlying collective bargaining agreement.

## ARTICLE X
## Hearing and Arbitration Procedures

### 1. Procedures to be Followed

The Trustees and the participating employees and their beneficiaries shall follow these hearing and arbitration procedures.

The procedures specified in this Article shall be the sole and exclusive procedures available to a participating employee or beneficiary who is dissatisfied with an eligibility determination or benefit award, or who is otherwise adversely affected by any action of the Trustees.

### 2. Hearings Before Board of Trustees

Any participating employee or beneficiary of a participating employee who applies for benefits and is ruled ineligible by the Trustees (or by a committee of Trustees, an administrative agent, insurance carrier, or other organization acting for the Trustees) or who believes he did not receive the full amount of benefits to which he is entitled, or who is otherwise adversely affected by any action of the Trustees, shall have the right to request the Trustees to conduct a hearing in the matter, provided that he makes such a

26

request, in writing, within sixty (60) days after being apprised of, or learning of the action.

After receiving the Application for Appeal, a committee of Trustees will review the claim and report their finding to the full Board of Trustees. A decision should be reached within 60 days, although special circumstances may delay the review decision to 120 days. A hearing may be held if the Board of Trustees determines sufficient cause is shown, or if a hearing is held, the Claimant may be represented by an attorney or by any other representative of his choosing, and he may present witnesses or other evidence in support of his position.

### 3. Appeal to Arbitration

If the participating employee or beneficiary is dissatisfied with the written decision of the Trustees, he shall have the right to appeal the matter to arbitration in accordance with the labor arbitration rules of the American Arbitration Association, provided that he submit a request for arbitration to the Trustees, in writing, within sixty (60) days of receipt of the written decision. If an appeal to arbitration is requested the Trustees shall submit to the arbitrator a certified copy of the record upon which the Trustees' decision was made.

The question for the arbitrator shall be (1) whether the Trustees were in error upon an issue of law, (2) whether they acted arbitrarily or capriciously in the exercise of their discretion, or (3) whether their findings of fact were supported by substantial evidence.

The decision of the arbitrator shall be final and binding upon the Trustees, upon the appealing party, and upon all other parties whose interest are affected thereby.

The expenses of arbitration shall be borne equally by the appealing party and by the Trust Fund, unless otherwise ordered by the arbitrator.

## ARTICLE XI
## Limitations

### 1. Liabilities and Debts of Trust Fund

No signatory party or Trustee, and no participating employer, employer association, labor organization, employee, or beneficiary shall be responsible for the liabilities or debts of the Trust Fund.

### 2. Liabilities and Debts of Participating Parties

No participating employer, employer association, or labor organization shall become responsible by reason of their participation in the Trust Fund for the liabilities or debts of any other participating employer, employer association, or labor organization.

27

Signatory Labor Organizations

Graphic Communications Union District
Council No. 2
12440 Firestone Blvd.
Norwalk, CA 90650

by: /S/ Fred W. Correll

Secretary - Treasurer
Title

3/3/86
Date

Graphic Communications Union, Local 747
2232 No. Lombard
Portland, OR 97217

by: /S/ Jerry Price

President
Title

3/10/86
Date

33

## SIGNATORY PARTIES

The undersigned employers and labor organizations hereby adopt the foregoing revised and restated Trust Agreement, effective September 1, 1985. Further, each party does hereby resign its power and authority as a signatory party effective immediately following its signature date. All of the powers and authorities of the signatory parties with respect to the administration of the Trust Fund are hereby transferred to the Board of Trustees.

Signatory Employers

Avalon Paper Box Company, Inc.
8723 South Avalon Blvd.
Los Angeles, CA 90003

by: /S/ O. H. Rieth

President
Title

8/7/85
Date

Standard Paper Box Corporation
2301 E. Vernon Avenue
Vernon, CA 90058

by: /S/ Charles Ruble Jr.

Chairman
Title

11/14/85
Date

32

## ACCEPTANCE BY TRUSTEES

The undersigned Trustees hereby accept the foregoing revised and restated Trust Agreement, effective September 1, 1985, and agree to act in accordance with its terms and provisions:

Employer Trustees

/S/ Walter M. Ziemba
_____

/S/ Wilson L. Sawyer
_____

/S/ Charles Ruble, Jr.
_____

/S/ O. H. Rieth
_____

/S/ William J. Bartee
_____

/S/ Craig C. Nelson
_____

/S/ Bernard D. Kochanowski
_____

/S/ Emerson D. Taylor (Alternate)
_____

Labor Organization Trustees

/S/ Fred W. Correll
_____

/S/ Glenn M. Haynes, Jr.
_____

/S/ Michael J. Keegan
_____

/S/ Robert L. Tooze
_____

/S/ Ted E. Ahl
_____

The foregoing consists of the text of the revised and restated Trust Agreement adopted September 1, 1985, and as further amended on November 5, 1987. The amendment deleted former Article V, Section 2 and renumbered the remaining sections thereof.

34