IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, | No. C-07-05032 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT** |
| v. | |
| CLOISTER PRESS, | |
| Defendant. | |

## I. BACKGROUND

On September 28, 2007, Plaintiff filed a complaint under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a), alleging that Defendant violated a collective bargaining agreement and certain Trust Agreements. The complaint sought an order requiring Defendant to permit Plaintiffs to examine Defendant's past payroll books and records for the purpose of ascertaining the amounts owed by Defendant for the period January 1, 2001 through December 31, 2005; an order requiring Defendant to pay the contribution amounts determined by the audit to be due, including liquidated damages, interest, reasonable attorneys' fees, and costs; an order enjoining Defendant from violating the terms of the collective bargaining agreement and the Trust Agreements; an order retaining jurisdiction of the case, and an order for other relief as the court deems proper.

On December 18, 2007, Defendant was served with the complaint. Docket No. 3. Defendant failed to answer the complaint or otherwise defend the action. On January 11, 2008, upon Plaintiff's request, the Clerk of this court entered Defendant's default under Federal Rule of Civil Procedure 55(a). By its default, Defendant is deemed to have admitted the well-pleaded averments of the

1  complaint except those as to the amount of damages. <u>See</u> Fed. R. Civ. P. 8(b)(6). In this Motion for
2  Default Judgment, Plaintiffs seek costs and fees, as well as the right to audit Defendant's books and
3  records.

4  Plaintiffs' application for default judgment against Defendant came on for hearing on July 1,
5  2008. Plaintiff appeared at the hearing through counsel Michael Carroll. Defendant did not appear
6  for the hearing.

**II.   DISCUSSION**

8  A court may not enter a default judgment against an unrepresented minor, an incompetent
9  person, or a person in military service. <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1).
10 As a corporation, Defendant is not a unrepresented minor or incompetent person, or a person in
11 military service, or otherwise exempted from default judgment. <u>See</u> Complaint ¶ 3 (Defendant
12 resides and does business in San Francisco, California); Chandler Decl. ¶ 2 (Defendant is a
13 California corporation).

14 Plaintiffs have the burden of proving their entitlement to relief through testimony or written
15 affidavit. To that end, Plaintiffs submitted the declarations of: Michael Herman, Vice President at
16 Northwest Administrators, administrators of the Printing Specialties & Paper Products Joint
17 Employer and Union Health and Welfare Fund; Ronald D. Chandler, custodian of records of Miller,
18 Kaplan, Arase & Co., LLP, accountants; and Michael Carroll, Plaintiff's counsel. The evidence
19 establishes that Defendant was bound by the terms and conditions of the May 1, 2000 Wage and
20 Scale Agreement ("Collective Bargaining Agreement"). <u>See</u> Herman Decl. ¶ 2, Ex. 1; Compl. ¶ 5.
21 This agreement binds Defendant to the terms of the Agreement and Declaration of Trust of the
22 Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund ("Trust
23 Agreement"). <u>See</u> Herman Decl. ¶ 3, Ex. 1 § 35.1. The Trust Agreement states that the Plaintiff
24 shall have the authority to audit the payroll books and records of a participating employer. <u>Id</u>. ¶ 5,
25 Ex. 2 at 24-25. The Collective Bargaining Agreement has remained in full force and effect. <u>See id</u>.
26 ¶ 2. Defendant has not denied being bound by the agreement and has reported and paid
27 contributions since the effective date of contract. <u>Id</u>. ¶ 2.

28 On April 7, 2006, April 24, 2006, and November 2, 2006, Plaintiff sought access to

1  Defendant's books and records in accordance with the Collective Bargaining and Trust Agreements.
2  Chandler Decl. ¶ 4 & Ex. 3 (telephone logs and letters). Defendant has breached the agreements by
3  refusing access by Plaintiff's accountant to its books and records for an audit. Chandler Dec. ¶ 4;
4  Herman Decl. ¶ 2. Plaintiff, in accordance with the relief requested in its complaint, now seeks an
5  audit of Defendant's books and records to determine whether Defendant has made full and prompt
6  payment of all fringe benefits during the period January 1, 2001 to December 31, 2005. Because the
7  Collective Bargaining Agreement provides for an audit, Plaintiffs are entitled to examine
8  Defendant's books and records.

9  Reasonable attorney's fees and costs of action shall be awarded to a Trust Fund or Employee
10  Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Herman Decl. ¶ 4
11  & Ex. 2. Plaintiffs have submitted the declaration of attorney Michael Carroll to prove attorney's
12  fees and costs. Mr. Carroll calculates that, at a rate of $185.00 per hour, attorneys' fees of $740.00
13  have accumulated. See Carroll Decl. at ¶ 5. The amount of time expended and the billing rate are
14  reasonable given the work performed. Mr. Carroll calculates Plaintiffs' costs for prosecuting this
15  action to be $400.00, consisting of the filing fee and service of process. See Carroll Decl. at ¶ 2 and
16  Ex. 4. These costs are reasonable and should be reimbursed.

### III. CONCLUSION

18  For the reasons set forth above, and for good cause shown, it is hereby recommended that the
19  following default judgment be entered:

20  This Court having previously entered default against Defendant, and Plaintiffs having
21  applied to this Court for the entry of default judgment,

22  IT IS ORDERED that:

23  1. Attorneys' fees and costs are awarded in the amount of $740.00 in attorney's
24  fees, and $400.00 in costs.

25  2. Defendant is ordered to immediately submit to an audit. Defendant will make available to
26  plaintiffs the following records, for the time period January 1, 2001 to December 31, 2005: time
27  cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's
28  federal, state and local payroll tax reports, and all other documents reflecting the hours and wages of

3

Case 3:07-cv-05032-MMC    Document 26    Filed 07/01/2008    Page 4 of 4

employees.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: July 1, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

*United States District Court*
*For the Northern District of California*

4